UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICAEL DUARTE DOS REIS | : |
| | : |
| v. | : C.A. No. 23-00322-MSM |
| | : |
| OFFICER LARA #129, et al. | : |

MEMORANDUM AND ORDER

On August 4, 2023, Plaintiff filed a pro se Complaint seeking to challenge the constitutionality of certain state statutes. (ECF No. 1). The challenge appears related to Plaintiff's arrest by the Providence Police on or about July 26, 2023 and a subsequent state court disorderly conduct prosecution (Case No. 61-2023-05898). Id. On August 4, 2023, Plaintiff was ordered to either pay the civil case filing fee or file a motion to proceed in forma pauperis ("IFP"). (ECF No. 3). On August 18, 2023, Plaintiff filed an Application to Proceed IFP Without Prepayment of Fees (including the $402.00 civil case filing fee), pursuant to 28 U.S.C. § 1915. (ECF No. 4). The Application has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72.

The Application, which was signed by Plaintiff under penalty of perjury, contains several apparently incomplete answers. In Question 2 of the Application, Plaintiff indicates he is currently unemployed but he did not provide the date of his last employment and other related information as required by Question 2. Next, Plaintiff failed to respond to Question 4 which requires that he "[l]ist anyone who helps support you or shares support in any way…" or else write "NO ONE." According to Plaintiff's IFP Application and Financial Affidavit, he does not work and has never worked, has no means of financial support, has no assets whatsoever, and has no monthly living expenses. Obviously, this scenario is highly unlikely and suggests a lack of a complete financial

disclosure as required to obtain IFP status. In addition, the mailing address provided by Plaintiff is a single family residence in Pawtucket which, according to the online City of Pawtucket Tax Assessor Database, was purchased by Plaintiff in early 2023 for $292,000.00. Thus, if the online database is presently accurate, that information calls into question the veracity of Plaintiff's sworn representation to the Court that he owns no real estate and requires further explanation.

In order to find a plaintiff eligible for IFP status the Court must find that he or she is "unable" to pay the applicable filing fee. Because of the ambiguity as to his ability to pay the filing fee caused by Plaintiff's apparently incomplete responses, the Court is unable to make an IFP determination on this record. The Court requires more detail as to Plaintiff's assets, means of support and expenses, and cannot determine whether Plaintiff qualifies to have his IFP Application granted in this case until he clarifies his present financial situation as outlined above. If Plaintiff elects to continue to pursue his IFP Application, he is ORDERED to file a sworn supplemental Application by September 15, 2023 that provides full and complete information and addresses the deficiencies identified herein. Failure to do so by September 15, 2023 will result in denial of the pending Application and dismissal of this case without prejudice. Alternatively, Plaintiff may elect to pay the required $402.00 filing fee by that date.

SO ORDERED

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States District Court
August 22, 2023